[Crim. No. 6204. Fifth Dist. Feb. 9, 1983.]

THE PEOPLE, Plaintiff and Respondent, v.
VICTOR SANCHEZ ESPINOZA, Defendant and Appellant.

COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Gregory J. Roussere, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Roger E. Venturi and Anthony L. Dicce, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**THE COURT.**\*—Appellant was convicted after jury trial of robbery with the use of a deadly weapon and while armed with a firearm, and assault with a deadly weapon. He received the middle base term plus two weapons enhancements on the robbery, and a concurrent term on the assault.

Appellant contends the trial court improperly imposed two weapons enhancements for the same robbery and prejudicially erred in failing to instruct, *sua sponte,* that the jury had to agree on which act the assault with a deadly weapon was based. Respondent agrees with the former contention but disputes the latter. For reasons to be stated, we agree with both.

### Weapons Enhancements

■ Appellant was sentenced to prison on the robbery for the three-year, middle base term, enhanced by one year each for his having been armed with a firearm (Pen. Code, § 12022, subd. (a)) and his having used a deadly weapon (Pen. Code, § 12022, subd. (b)). Penal Code section 1170.1, subdivision (e) provides: "When two or more enhancements under Sections 12022, 12022.5, and 12022.7 may be imposed for any single offense, only the greatest enhancement shall apply; however, in cases of robbery, rape or burglary, or attempted robbery, rape or burglary the court may impose both (1) one enhancement for weapons as provided in either Section 12022 or 12022.5 and (2) an enhancement for great bodily injury as provided in Section 12022.7."

Though the enhancements under subdivisions (a) and (b) of Penal Code section 12022 are equal and thus neither is "greater" than the other, the clear import of the quoted section is to permit imposition of only one enhancement for weapons. Respondent does not contend otherwise.

---

\*Before Brown (G. A.), P. J., Zenovich, J., and Andreen, J.

The parties diverge about the proper remedy. Appellant asserts one of the enhancements should be stricken. Respondent counters the matter should be remanded for resentencing so the sentencing judge may reconsider whether to impose the upper base term, since appellant will suffer only one weapons enhancement. We decline to remand. The judge exercised his discretion to impose the middle base term. This was a proper exercise of discretion. That the judge may have labored under a mistake of law about the number of permissible enhancements furnishes no basis to undo a sentence which was properly imposed. (See *People* v. *Drake* (1981) 123 Cal.App.3d 59, 63-64 [176 Cal.Rptr. 186].)

This is not a case in which the judge improperly relied on the same facts to impose the upper base term and enhancement. In such a situation, the judge has exercised his discretion and should have a chance to decide whether to reimpose the same sentence without a dual use of facts. (See *People* v. *Roberson* (1978) 81 Cal.App.3d 890, 893 [146 Cal.Rptr. 777].)

The proper remedy is not to strike one enhancement as such, but rather to stay imposition of the additional term for that enhancement, as is done in the analogous area of *Culbreth* error. (See *In re Culbreth* (1976) 17 Cal.3d 330 [130 Cal.Rptr. 719, 551 P.2d 23]; *People* v. *Edwards* (1981) 117 Cal.App.3d 436, 449 [172 Cal.Rptr. 652].) We will order the judgment modified accordingly.

### *CALJIC No. 17.01*

The robbery victim was market clerk David Narsi. The assault victim was Narsi's friend, Azis Michael. The two victims were visiting at the market when three Mexican males entered, one carrying a knife, one carrying a rifle, and one unarmed. The individuals with the rifle and the knife approached Narsi and Michael. The individual with the rifle then told Narsi and Michael that this was a holdup and to move over to the wall of the store. As Narsi and Michael proceeded to the wall with their hands up, Narsi felt something hard hit his shoulder. Narsi and Michael stood at the wall approximately three feet from each other. As Michael stood facing the wall, he began to turn his head away from the wall. As he did so, he heard the gunman say, "don't move." As the gunman spoke, he discharged his rifle at a spot on the ceiling or wall approximately three feet over the head of Narsi. During the time the man with the rifle had Michael and Narsi up against the wall, the other two individuals took the money out of the cash register. Appellant was identified as the knife-wielding robber. The defense was alibi and mistaken identity.

The prosecutor argued the assault with a deadly weapon on Michael could be based either on appellant's use of the knife or on his companion's use of the ri-

fle. Appellant's trial counsel briefly questioned whether the evidence established an assault with a deadly weapon, but primarily argued appellant's total noninvolvement.

■ · The last two years have brought a veritable explosion of cases finding reversible error where a trial court failed to instruct that the jury had to agree the defendant committed the same act or acts, and the evidence showed the commission of several offenses though only one count was charged.[1] In *People v. Madden, supra,* the evidence showed several criminal acts of oral copulation within a relatively short time span but the defendants were not charged with violation of all of the acts. We explained: "The acts here are despicable. There is substantial evidence to sustain each act of forcible oral copulation. However, determination of guilt is for a jury, not this court. No one can say from this record that the jurors did all agree on a particular offense insofar as the oral copulation charges are concerned. At any retrial on the oral copulation charges the jury should be properly instructed that all 12 have to all agree." (*People v. Madden, supra,* 116 Cal.App.3d at p. 219, fn. omitted.)

*Madden* relied on *People v. McNeill* (1980) 112 Cal.App.3d 330 [169 Cal.Rptr. 313], which involved a variant of the problem, where the evidence supported a finding of assault against four victims, the defendant was charged with but one assault, and the jurors were not told they had to agree on the identity of the victim.

In essence, appellant argues the instant case established three factual bases for an assault with a deadly weapon conviction, the jurors should have been—but were not—told they had to agree on the same act as the basis, and therefore we cannot say the jury unanimously agreed on the act constituting the assault with a deadly weapon.

Respondent does not appear to argue the instruction was unnecessary but only that its omission was nonprejudicial, since the jury rejected the sole defense of alibi. The argument runs as follows: "Other than this alibi defense, the evidence of appellant's assault by use of his knife and his partner's discharge of the rifle was uncontradicted. Thus, any juror believing one act took place would inexorably believe both acts took place and the suggested instruction was not necessary to the jury's understanding of the case. (*People v. Crawford* (1982) 131 Cal.App.3d 591, 599 [182 Cal.Rptr. 536].) Here, in light of the un-

---

[1]*People v. Diedrich* (1982) 31 Cal.3d 263, 280-283 [182 Cal.Rptr. 354, 643 P.2d 971]; *People v. Crawford* (1982) 131 Cal.App.3d 591, 599-600 [182 Cal.Rptr. 536]; *People v. Ferguson* (1982) 129 Cal.App.3d 1014, 1020-1021 [181 Cal.Rptr. 593]; *People v. Hefner* (1981) 127 Cal.App.3d 88, 97 [179 Cal.Rptr. 336]; *People v. Epps* (1981) 122 Cal.App.3d 691, 700-704 [176 Cal.Rptr. 332] and *People v. Madden* (1981) 116 Cal.App.3d 212, 219 [171 Cal.Rptr. 897].)

contradicted evidence of the assault by means of the knife and rifle, there is not possiblity [*sic*] that the jurors may have come to different conclusions as to which act constituted the assault."

We are not persuaded. We will grant respondent's premise that, after rejecting the defense alibi testimony, the jury in all likelihood concluded that one robber used his knife and his companion used his gun in the manner described by the prosecution witnesses. It does not follow from this premise that all jurors would "inexorably believe" that both the use of the knife *and* the use of the gun constituted felonious assaults for which appellant was liable. Because the jurors were not told they had to agree on the same act or acts as the basis for the assault, the record does not exclude the possibility some jurors based their verdict on one act and some on the other.[2]

Otherwise stated, while we can confidently conclude that all jurors agreed on the acts which were *committed,* we can only guess as to how the acts were *characterized* when the jurors applied the law to the facts. This is not a case such as *People* v. *Martinez* (1922) 57 Cal.App. 771, 774 [208 P. 170], involving several uncontradicted acts of sexual intercourse in a statutory rape prosecution. Because the physical acts were identical, it was inconceivable that the jury would have disagreed as to which could form a basis for conviction. In the instant case, the physical acts involving the knife were not identical to those with the gun and we simply cannot conclude the jurors necessarily classified them the same.

We emphasize the question is not whether substantial evidence would support a verdict based on one or more of the acts. The question is the narrow one of whether the record shows the jury agreed on the act. It does not. Therefore the assault conviction must be reversed.[3]

The judgment as to count three is reversed. The judgment as to count one is affirmed and the matter is remanded with directions to the trial court to stay imposition of the additional term of imprisonment for one of the two weapons enhancements on that count, to prepare an amended abstract of judgment which

---

[2]CALJIC No. 17.01, the instruction which should have been given, provides: "The defendant is charged with the offense of_____. He may be found guilty if the proof shows beyond a reasonable doubt that he committed any one or more of such acts, but in order to find the defendant guilty, all the jurors must agree that he committed the same act or acts. It is not necessary that the particular act or acts committed so agreed upon be stated in the verdict."

[3]It is not significant that the acts occurred virtually at the same time, rather than at different times or places as in many of the authorities. (See *People* v. *McNeill, supra,* 112 Cal.App.3d 330, one act of shooting at four people; *People* v. *Crawford, supra,* 131 Cal.App.3d 591, three guns in different locations in house at same time.)

reflects said modification of judgment and to send a certified copy of same to the Department of Corrections. In all other respects, the judgment as to count one is affirmed.

A petition for a rehearing was denied March 3, 1983.