[No. B030683. Second Dist., Div. Five. Nov. 21, 1988.]

THE PEOPLE, Plaintiff and Respondent, v.
KATHY STEVENS, Defendant and Appellant.

COUNSEL

Gerald Klausner for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, William T. Harter and Alison Braun, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**BOREN, J.**—This appeal concerns the propriety of a resentencing after the trial court realized that its original sentence violated the "double-the-base-term" rule of Penal Code section 1170.1, subdivision (g).[1] On resentencing, the court changed appellant's base term from the middle to the upper term but imposed an aggregate term which was no greater than that of the initial sentence. We affirm the judgment.

FACTS

Upon pleading guilty, appellant acknowledged that the prosecution had agreed to a "six year lid" in a negotiated plea whereby the court could impose any sentence up to a six-year prison term. At sentencing, the prosecutor urged the court to impose the six-year term. The prosecutor emphasized that appellant had committed the theft offenses in association with her boyfriend and over a long period of time, that she had used her child to distract elderly victims and take objects from their homes, and that appellant was "an extremely skilled pickpocket. Amazingly, so." The prosecutor also explained that in a pending 1986 case for which appellant had obtained bail she had attempted to fraudulently swindle $5,000 from an elderly person who was under a conservatorship, that in early 1986 she was arrested on a methaquaalude case during the same month she committed some of the present offenses, and that in 1982 she had been charged with similar theft offenses in the State of New York but was placed on bail, left, and would not be extradited "because of the time they expect she will receive in this case."

---

[1] Appellant pled guilty to eight counts of grand theft (Pen. Code, § 487, subd. 2) and four counts of attempted grand theft (Pen. Code, §§ 664/487, subd. 2). After her plea and upon the prosecution's motion, the court dismissed an additional nine counts of grand theft, three counts of burglary (Pen. Code, § 459), two counts of grand theft of personal property (Pen. Code, § 487, subd. 1), one count of attempted fraudulent use of the credit card of another person (Pen. Code, §§ 664/484f, subd. (2)), and one count of receiving stolen property (Pen. Code, § 496, subd. 1).

The court observed, in part, that "It is easy when you find yourself facing incarceration to blame someone else. Mr. John [appellant's boyfriend and crime partner] wasn't there holding a gun at her. And she picked on elderly vulnerable victims. And I think that is inexcusable. [¶] It is inexcusable to steal from anyone, but when she particularly did it in the manner that she did, I don't think she deserves any leniency from the court and don't intend to give her any. [¶] . . . The court is denying probation by virtue of the fact that the defendant's victims were multiple . . . and the crime[s] involved premeditation, sophistication and professionalism." The court sentenced appellant to a total term of six years in prison, consisting of the middle base term of two years on one count of grand theft and six consecutive eight-month terms, each calculated at one third of the middle term of two years, on six other counts of grand theft. The court imposed concurrent terms on the remaining five counts.

Six days later, the court vacated the sentence and thereafter held a new sentencing hearing. At the new sentencing hearing, the court explained that the six-year sentence it had originally imposed consisted in part of a two-year middle base term and thus violated the statutory proscription (Pen. Code, § 1170.1, subd. (g)) against imposing a total sentence which is greater than double the base term. The court indicated that because appellant's lengthy probation report belatedly arrived on the eve of sentencing the court had unfortunately acted hastily, made the sentencing error which it discovered after "just an hour or two," and unsuccessfully attempted to have appellant returned to court later that day.

The court stated that ". . . I think the only appropriate sentence for this defendant is the total of six years which was the lid, although it was open and I could have given her less. [¶] I arrived at the numbers, but I arrived [at them] in the wrong way." In imposing a new total term of six years, the court selected the upper base term of three years on one count of grand theft and consecutive terms of four months on one count of attempted grand theft and eight months each on four counts of grand theft. The sentences on six other counts were imposed concurrently, and the remaining counts were dismissed. The court cited as aggravating factors the particular vulnerability of the numerous victims, appellant's unsatisfactory performance while previously on probation, and the planning and sophistication of the crimes.

## DISCUSSION

■ Since appellant's original sentence consisted of a two-year base term as part of a six-year total sentence, the sentence violated the Penal Code section 1170.1, subdivision (g) proscription that "The term of imprisonment shall not exceed twice the number of years imposed by the trial court as the base term . . . ." Should we remedy this sentencing error by following the

approach taken in *People* v. *Drake* (1981) 123 Cal.App.3d 59, 63-64 [176 Cal.Rptr. 186] and reducing the total term to four years? Or should we follow the procedure set forth in *People* v. *Savala* (1983) 147 Cal.App.3d 63, 67-70 [195 Cal.Rptr. 193] and permit the trial court to reconsider the entire sentence and increase the base term while keeping the new total term no greater than the original total of six years? We reject the former approach, advocated in *Drake,* and adopt the latter procedure, set forth in *Savala.*

We reject the approach taken in *Drake* because its reasoning is unpersuasive, though the facts in *Drake* are remarkably parallel to appellant's case. *Drake* reasoned that the unstayed portion of the original sentence which was in excess of the double-the-base-term limit was void, that the original imposition of the middle base term was a proper exercise of the court's discretion, and that by raising the base term to the upper term, the court enhanced the severity of the sentence and acted in excess of its jurisdiction under the common law. (*People* v. *Drake, supra,* 123 Cal.App.3d at pp. 63-64.) The court also noted that the trial court's resentencing was unauthorized under Penal Code section 1170, subdivision (d). The language of that section permits the court to resentence on its own motion within 120 days of commitment as long as the "new sentence," interpreted by *Drake* as referring to the base term sentence and not just the total sentence, is no greater than the initial sentence. (*Id.* at p. 64, fn. 1.) According to *Drake,* a mere mistake in the law as to the maximum permissible enhancements provided no basis to revise a base term which was properly imposed, even though the sentence judicially modified by the appellate court in *Drake* was less than the aggregate term clearly intended by the sentencing court. (*Id.* at p. 63; see *People* v. *Espinoza* (1983) 140 Cal.App.3d 564, 567 [189 Cal.Rptr. 543].)

The underlying premise of *Drake* is that the various components of a determinate sentence are discrete, severable and capable of being corrected in isolation from the remaining components of the sentence. ▮ To the contrary, the components of an aggregate term are properly viewed as interdependent when calculating and imposing sentence, and an aggregate term of imprisonment under the determinate sentencing law constitutes a total prison term which is "a single term rather than a series of separate terms." (*People* v. *Savala, supra,* 147 Cal.App.3d at p. 68; see *People* v. *Lobaugh* (1987) 188 Cal.App.3d 780, 783 [233 Cal.Rptr. 683].) Correcting a sentencing error by excising only the flawed component of the sentence from the aggregate term may be appropriate in some contexts where the interests of justice and judicial economy do not require a restructuring of the entire sentencing format and the preferred remedy would be a minor reduction in the sentence. (See *People* v. *Burns* (1984) 158 Cal.App.3d 1178, 1184 [205 Cal.Rptr. 356]; compare *People* v. *Espinoza, supra,* 140 Cal.App.3d at p. 567 with *People* v. *Gutierrez* (1980) 109 Cal.App.3d 230,

333 [167 Cal.Rptr. 162].) However, such is not the case here. The violation of the double-the-base-term proscription fundamentally infected appellant's entire sentencing scheme and would reduce the intended sentence by a third (see *People v. Hill* (1986) 185 Cal.App.3d 831, 834 [230 Cal.Rptr. 109]), rendering the approach in *Drake* unacceptable.

The approach in *Drake* also appears to have been premised on an assumption, explicitly articulated in *People v. Swanson* (1983) 140 Cal.App.3d 571 [189 Cal.Rptr. 571], that "a sentencing judge is required to base his decision on the statutory and rule criteria, on an analysis of legitimate aggravating and mitigating factors, and *not* on his subjective feeling about whether the sentence thus arrived at seems too long, too short, or just right. He is *not permitted to reason backward to justify a particular length sentence which he arbitrarily determines.*" (*Id.* at p. 574, italics in original.) However, the mechanics of sentencing are not necessarily as rigid as portrayed in *Swanson*. ■ A judge's subjective determination of the value of a case and the appropriate aggregate sentence, based on the judge's experiences with prior cases and the record in the defendant's case, cannot be ignored. A judge's subjective belief regarding the length of the sentence to be imposed is not improper as long as it is channeled by the guided discretion outlined in the myriad of statutory sentencing criteria. (See, e.g., Pen. Code, § 1170 et seq.; Cal. Rules of Court, rule 401 et seq.) As *Savala* aptly observed, and as is apparent in appellant's situation, "In making its sentencing choices in the first instance the trial court undoubtedly considered the overall prison term to be imposed and was influenced in its choices by the length of the enhancements." (*People v. Savala, supra,* 147 Cal.App.3d at p. 70; see also *People v. Burns, supra,* 158 Cal.App.3d at p. 1183, fn. 6.)

■ Moreover, the trial court's restructuring of its sentencing choices after the flawed initial sentencing was appropriate pursuant to Penal Code section 1170, subdivision (d) whereby the trial court could within 120 days "resentence the defendant in the same manner as if he or she had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence." (Cf. *In re Ditsch* (1984) 162 Cal.App.3d 578, 582 [209 Cal.Rptr. 12]; *People v. Savala, supra,* 147 Cal.App.3d at pp. 69-70.)[2] Although appellant's new base term was greater, her new aggregate sentence was no greater than the initial aggregate sentence and thus no greater

---

[2] We recognize that *People v. Brown* (1987) 193 Cal.App.3d 957 [238 Cal.Rptr. 697] interprets *People v. Serrato* (1973) 9 Cal.3d 753, 764 [109 Cal.Rptr. 65, 512 P.2d 289] and its progeny to permit the imposition of a longer aggregate sentence after an appellate court has remanded for resentencing because of a violation of the double-the-base-term rule. However, we need not address the holding in *Brown* because appellant was resentenced to the identical aggregate term, though it would appear anomalous to permit a longer sentence just because the case is before the court after an appellate remand rather than pursuant to Penal Code section 1170, subdivision (d).

than the "initial sentence," within the meaning of section 1170, subdivision (d). (See *People* v. *Hill, supra,* 185 Cal.App.3d at p. 834; contra *People* v. *Drake, supra,* 123 Cal.App.3d at p. 64, fn. 1.) ■ The sentence is the judgment and the *entire* disposition of the case. (*People* v. *Rojas* (1975) 15 Cal.3d 540, 543, fn. 1 [125 Cal.Rptr. 357, 542 P.2d 229, 92 A.L.R.3d 1127]; see Cal. Rules of Court, rule 405(f).) ■ Thus, contrary to the interpretation in *Drake,* the term "sentence" in section 1170, subdivision (d) properly refers not merely to a component of the total sentence, such as the base term, but to the aggregate sentence. This interpretation is also consistent with the concept that consecutive sentences constitute a single continuous term of confinement (*In re Cowen* (1946) 27 Cal.2d 637, 643-645 [166 P.2d 279]; *People* v. *Lobaugh, supra,* 188 Cal.App.3d 780, 783) and the premise that an aggregate prison term is "one prison term made up of interdependent components." (*People* v. *Savala, supra,* 147 Cal.App.3d at p. 69.)

Finally, appellant's attempt to reduce her aggregate prison term inappropriately treats sentencing as a technical game in which a wrong move by the judge would necessitate a defendant's premature release into society. (See *Bozza* v. *United States* (1947) 330 U.S. 160, 166-167 [91 L.Ed. 818, 821-822, 67 S.Ct. 645].) "Just as the law has no interest in punishing defendants more severely than has been ordained by the Legislature, the law also has a strong interest in seeing to it that defendants do not unfairly manipulate the system to obtain punishment far less than that called for . . . ." (*People* v. *Ellis* (1987) 195 Cal.App.3d 334, 345 [240 Cal.Rptr. 708].)

## DISPOSITION

The judgment is affirmed.

Lucas, P. J., and Kennard, J., concurred.