[No. D012488. Fourth Dist., Div. One. July 1, 1991.]

THE PEOPLE, Plaintiff and Appellant, v.
WILLIAM ALLEN GARRETT, Defendant and Respondent.

COUNSEL

Edwin L. Miller, Jr., District Attorney, Thomas McArdle and Craig E. Fisher, Deputy District Attorneys, for Plaintiff and Appellant.

Scott M. Blumen, under appointment by the Court of Appeal, for Defendant and Respondent.

OPINION

NARES, J.—William Allen Garrett (Garrett) entered a plea of guilty in superior court case No. CRN17202 to driving under the influence in violation of Vehicle Code section 23153, subdivision (a) while on felony bail in violation of Penal Code[1] section 12022.1. On May 15, 1990, Garrett was sentenced on two other felony cases, Nos. CRN17201 and CRN15678, and

---

[1] All statutory references are to the Penal Code unless otherwise specified.

this case. A term of eight years, eight months was imposed in the other matters, and a consecutive eight-month increment imposed for this case, for a total of nine years, four months. The court, as recommended by the probation report, stayed the two-year section 12022.1 enhancement pursuant to the third sentence of section 1170.1, subdivision (a).

The People appeal, asserting the stay of the two-year enhancement was erroneous. Garrett argues the court had discretion to stay the enhancement. We agree with the contention advanced by the People, and reverse with directions.

BACKGROUND

While on bail and awaiting (1) sentence for residential robbery while armed and having served a prior prison term, as well as (2) sentence for possession of controlled substances for sale, Garrett, fleeing from police officers, drove a stolen pickup truck through a stop sign and into another vehicle, injuring the occupants of the second vehicle.

Garrett's plea of guilty to violation of Vehicle Code section 23153 included an admission he committed that offense while on bail for another offense, and thus was subject to the two-year enhancement provided for in section 12022.1. Garrett was also advised that when considered with his other pleas, in this case he was subject to a penalty of eight months (one-third the middle term) for the offense and an added two-year consecutive term mandated by section 12022.1.

In calculating a recommended term, the probation officer's report stated that as to this case, Garrett should receive the eight-month consecutive sentence noted above, but also that "[t]he enhancement per PC12022.1 must be excluded per 1170.1 PC." The total recommended term was thus nine years, four months. At the sentencing hearing Garrett's attorney supported the probation report recommendation, arguing section 1170.1 required staying the section 12022.1 enhancement.

The district attorney argued that such a reading of section 1170.1 would "absolutely nullify Penal Code 12022.1, and the legislative intent behind that." At sentencing the court stated it had determined "to adopt the recommendation of the Probation Department . . . to stay the imposition of the sentence [on the section 12022.1 enhancement], pursuant to Penal Code section 1170.1." An aggregate term of nine years, four months was then imposed on Garrett.

## QUESTION PRESENTED

Does the two-year enhancement provided for by section 12022.1 fall under the first or the third sentences of section 1170.1, subdivision (a)[2] for sentencing purposes?

## DISCUSSION

The operation of section 1170.1 was described in *People* v. *Tassell* (1984) 36 Cal.3d 77, 90 [201 Cal.Rptr. 567, 679 P.2d 1], as follows:

"Section 1170.1 refers to two kinds of enhancements: (1) those which go to the nature of the offender; and (2) those which go to the nature of the offense. Enhancements for prior convictions—authorized by sections 667.5, 667.6 and 12022.1—are of the first sort. The second kind of enhancements—those which arise from the circumstances of the crime—are typified by sections 12022.5 and 12022.7: was a firearm used or was great bodily injury inflicted? Enhancements of the second kind enhance the several counts; those of the first kind, by contrast, have nothing to do with particular counts but, since they are related to the offender, are added only once as a step in arriving at the aggregate sentence.

"Section 1170.1, subdivision (a) starts out by stating the basic rule that when a person is convicted of two or more felonies, the total sentence consists of (1) the principal term, (2) the subordinate term, and (3) any enhancements for prior convictions."

According to *Tassell*, the first sentence of 1170.1, subdivision (a) (see fn. 2, *ante*) describes the components of an "aggregate term" (principal term, subordinate term, and additional terms for offender-related enhancements such as § 12022.1). The second sentence defines the first component of an aggregate term, the principal term, as *including* any offense-related enhancements. The third sentence defines the second component of an aggregate term, the subordinate term, as *excluding* enhancements except in circumstances not here relevant.

---

[2]In relevant part, the first three sentences of section 1170.1, subdivision (a) state: "[1] [W]hen any person is convicted of two or more felonies . . . and a consecutive term of imprisonment is imposed . . . , *the aggregate term of imprisonment* for all these convictions *shall be the sum of the principal term, the subordinate term, and any additional term imposed pursuant to Section . . . 12022.1* [and other enhancements related to the offender]. [2] The principal term shall consist of the greatest term of imprisonment imposed by the court for any of the crimes, including any enhancements [related to the offense]. [3] The subordinate term for each consecutive offense . . . shall consist of one-third of the middle term of imprisonment prescribed . . . , and shall exclude any enhancements." (Italics added.)

Because section 1170.1, subdivision (a) "makes it very clear that enhancements for prior convictions do not attach to particular counts but instead are added just once as the final step in computing the total sentence" (*People v. Tassell, supra,* 36 Cal.3d at p. 90), the computations involving subordinate terms have nothing to do with imposing offender-related enhancements such as section 12022.1. The plain language of the first sentence of section 1170.1, subdivision (a) informs us the "aggregate term" has three components, and offender-related enhancements such as section 12022.1 are the third component, to be imposed as an "additional term" *apart* from the principal and subordinate terms.

A separate reason why the restrictions on enhancements in a subordinate term have no application to this matter is that the language of section 12022.1 is mandatory: any person arrested for a secondary felony offense while on bail for a primary felony offense "shall be subject to a penalty enhancement of an additional two years in state prison which shall be served consecutive to any other term imposed by the court." (§ 12022.1, subd. (b).) To allow the third sentence of section 1170.1, subdivision (a) to control here would defeat (as the district attorney argued below) the statutory purpose of ensuring mandatory enhancement for "felony while on felony bail" offenders: whenever the secondary offense was made into a subordinate term, the legislatively mandated enhancement could never be applied. Clearly, such an absurd result was not intended.

As the court concluded in *People v. Baries* (1989) 209 Cal.App.3d 313, 321-322 [256 Cal.Rptr. 920]: "[W]e have examined the legislative history of the 1985 amendment to section 12022.1. Nothing in that history indicates any legislative intent to eliminate the enhancement in the two-sentence situation; that possibility is nowhere discussed in any of the materials available from the state archives. . . . We conclude the legislative history gives no support to the argument that the Legislature intended to eliminate the enhancement from the two-sentence situation."

Our conclusion is consistent with the decisions of other courts on related questions. *People v. Burnes* (1990) 224 Cal.App.3d 1222, 1233 [274 Cal.Rptr. 466], considering whether a "secondary offense" under section 12022.1 must be considered a subordinate term for consecutive sentencing purposes, held: "Such an interpretation, however, would be inconsistent with the general scope and meaning of the consecutive sentencing provisions contained in section 1170.1." The trial court here erred in construing section

1170.1, subdivision (a) to require a stay of imposition of the enhancement mandated by section 12022.1.[3]

## NATURE OF RELIEF

■ The People request we remand this matter with directions to amend the abstract of judgment to reflect a total sentence of eleven years, four months, vice nine years, four months. (See, e.g., *People* v. *Burnes, supra,* 224 Cal.App.3d at p. 1234.) Because the trial court's sentencing was pursuant to a misapprehension of law, however, we do not know what sentence the court might have imposed under a proper understanding of the rules governing its sentencing discretion, and thus we remand for resentencing. (*People* v. *Vega, supra,* 224 Cal.App.3d at p. 520; *People* v. *Baries, supra,* 209 Cal.App.3d at p. 324.)

## DISPOSITION

The judgment is reversed as to the sentence and remanded to the trial court for resentencing in accordance with the views herein. In all other respects the judgment is affirmed.

Todd, Acting P. J., and Thompson, J.,*

---

[3]To complete our analysis of the application of section 12022.1, we note that (contrary to the apparent assumptions of the parties below) (1) the double-the-base-term limitation of section 1170.1, subdivision (g) is not applicable to a section 12022.1 enhancement (*People* v. *Prather* (1990) 50 Cal.3d 428, 437-439 [267 Cal.Rptr. 605, 787 P.2d 1012], as interpreted by *People* v. *Burnes, supra,* 224 Cal.App.3d at p. 1232 and *People* v. *Vega* (1990) 224 Cal.App.3d 506, 520 [273 Cal.Rptr. 684], but see *People* v. *McClanahan* (1991) 230 Cal.App.3d 1321 [281 Cal.Rptr. 847]) and (2) section 12022.1 does not provide discretion to impose concurrent sentences, but instead requires imposition of consecutive sentences for primary and secondary offenses. (*People* v. *Baries, supra,* 209 Cal.App.3d at pp. 322-323; *People* v. *Sanchez* (1991) 230 Cal.App.3d 768, 771 [281 Cal.Rptr. 459].)

*Retired Associate Justice of the Court of Appeal, Second District, sitting under assignment by the Chairperson of the Judicial Council.