Filed 2/10/14  P. v. Scarbrough CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# COPY

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Siskiyou)

----

| | |
|---|---|
| THE PEOPLE, | C072596 |
| Plaintiff and Appellant, | (Super. Ct. No. 111614) |
| v. | |
| MICHAEL GILBERT SCARBROUGH, | |
| Defendant and Appellant. | |

Defendant Michael Gilbert Scarbrough was sentenced to 13 years in state prison after being convicted of numerous felonies and misdemeanors resulting from several instances of domestic violence he perpetrated upon his live-in girlfriend. Defendant appeals, contending the trial court made improper dual use of his prior conviction for inflicting corporal injury at sentencing. We disagree with that contention.

The People also appeal, contending the trial court erroneously ordered the terms imposed for the first-charged felony and a felony defendant committed while released on

1

bail to be served concurrently. We agree with the People's contention and reverse the judgment and remand for resentencing.

FACTS AND PROCEEDINGS

We dispense with the recitation of the facts underlying defendant's offenses as they are not necessary to the disposition of this appeal.

Defendant in this case was charged in Siskiyou County Superior Court in two separate cases, which were later consolidated. The consolidated information, filed on January 10, 2012, under case No. 111614, charged defendant, as follows: assault with a deadly weapon on October 12, 2011 (Pen. Code, § 245, subd. (a)(1); statutory references that follow are to the Penal Code) (count one); inflicting corporal injury on a spouse on October 12, 2011, having had a prior conviction for that same offense within the past seven years (former § 273.5, subds. (a) and (e)) (count two); inflicting corporal injury on a spouse on November 17, 2010, having had a prior conviction for that same offense within the past seven years (former § 273.5, subds. (a) and (e)) (count three); misdemeanor violation of a court's order of protection on October 12, 2011 (§ 166, subd. (c)(1)) (count four); and misdemeanor violation of a court's order of protection on April 2, 2011 (§ 166, subd. (c)(1)) (count five). Defendant pled guilty to all counts and admitted the allegations.

On November 15, 2012, the trial court sentenced defendant to 13 years in state prison, as follows: the middle term of four years for inflicting corporal injury on a spouse as charged in count two; a consecutive four years for the great bodily injury enhancement; a consecutive two years for the on-bail enhancement; three consecutive years for the prior prison terms; a concurrent middle term of four years for inflicting corporal injury on a spouse as charged in count three; and a consecutive three years for assault with a deadly weapon, stayed pursuant to section 654.

2

DISCUSSION

I

*Defendant's Appeal*

Defendant contends the trial court's dual use of his prior conviction for inflicting corporal injury on a spouse to subject him to a higher sentencing triad and impose a one-year prior prison term violates section 1170, subdivision (b). Inflicting corporal injury on a spouse normally carries a penalty of two, three or four years under former section 273.5, subdivision (a). If, however, a defendant has been convicted of that same offense within the previous seven years, the sentencing triad is elevated to two, four or five years. (Former § 273.5, subds. (a) and (e).)

Section 1170, subdivision (b) bars the trial court from imposing the upper term "by using the fact of any enhancement upon which sentence is imposed under any provision of law." Here, the trial court did not impose the upper term. Thus, section 1170, subdivision (b) has no application.

Nor does the use of defendant's prior conviction for inflicting corporal injury on a spouse to subject him to a higher sentencing triad and to impose a one-year prior prison term violate section 654. Similar complaints have been raised and rejected by the Supreme Court in *People v. Coronado* (1995) 12 Cal.4th 145 and *People v. Murphy* (2001) 25 Cal.4th 136.

"A sentence enhancement is 'an *additional term* of imprisonment added to the base term.' " (*People v. Jefferson* (1999) 21 Cal.4th 86, 101.) Application of the higher sentencing triad under former section 273.5, subdivision (e)(1), is not an enhancement, but an alternate sentencing scheme. Since former section 273.5, subdivision (e)(1) is not an enhancement, the prohibition of *People v. Jones* (1993) 5 Cal.4th 1142 against using a single prior conviction to support two enhancements is not applicable. As section 654 does not apply to defendant's status as a recidivist (*People v. Price* (1992) 4 Cal.App.4th

3

1272, 1277; *People v. Rodriguez* (1988) 206 Cal.App.3d 517, 519), section 654's prohibition against dual use of facts is equally inapplicable.

## II

### *The People's Cross-Appeal*

The People contend the trial court erred in ordering the terms imposed for the first-charged felony and the felony defendant committed while released on bail to be served concurrently. The trial court also neglected to impose sentence for the great bodily injury enhancement and two misdemeanor offenses.

Section 12022.1 provides for an enhanced sentence when a defendant commits a felony while released on bail or his own recognizance after being charged with a previous felony. In such cases, the defendant "shall be subject to a penalty enhancement of an additional two years [in state prison], which shall be served consecutive to any other term imposed by the court." (§ 12022.1, subd. (b).) Additionally, subdivision (e) provides that, if the defendant is sentenced to prison on the first-charged felony and convicted of the subsequently committed felony (or "secondary offense"), "any [state prison] sentence for the secondary offense shall be consecutive to the primary sentence." The provisions for consecutive terms set forth in section 12022.1 are mandatory and the failure to so impose the terms results in an unauthorized sentence. (See *People v. Griffin* (2005) 128 Cal.App.4th 1112, 1119.)

Here, the trial court ordered the four-year term for the infliction of corporal injury on a spouse in count three to be served concurrently with the four-year term for the infliction of corporal injury on a spouse in count two. The terms must be imposed consecutively with the subordinate term consisting of one-third the middle term for that offense. (§ 1170.1, subd. (a); *People v. Burnes* (1990) 224 Cal.App.3d 1222, 1233.) Additionally, the trial court erroneously failed to impose sentences for the two misdemeanor counts and the great bodily injury enhancement. (See Cal. Rules of Court, rules 4.428 and 4.447.)

4

We agree with defendant that remand for resentencing is appropriate. The trial court expressly stated that sentencing involved "challenging" decisions in some respects and it was "persuaded that the 13-year term is overall the most appropriate and will best serve the ends of justice for this particular defendant in this particular case." Because there are several discretionary sentencing choices to be made in this case, it is most appropriate for this court to remand to the trial court to exercise that discretion. (*People v. Rodriguez* (2009) 47 Cal.4th 501, 509 [if correction of sentencing error may affect trial court's discretionary sentencing decisions, appropriate remedy is reversal and remand].)

## DISPOSITION

The judgment is reversed and the matter is remanded for resentencing in accordance with the views stated herein.

      HULL      , Acting P. J.

We concur:

      MAURO      , J.

      MURRAY      , J.