Filed 9/26/16  P. v. Ragsdale CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F069654 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. MCR044276) |
| GARY RAGSDALE, | **OPINION** |
| Defendant and Appellant. | |

-ooOoo-

APPEAL from a judgment of the Superior Court of Madera County.  Mitchell C. Rigby, Judge.

Nuttall & Coleman and Roger T. Nuttall for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Amanda D. Cary, and Lewis A. Martinez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

### INTRODUCTION

On February 19, 2014, defendant Gary Ragsdale waived his constitutional rights and pled no contest to allegations he committed gross vehicular manslaughter while

intoxicated (upon Gary Smalz) (Pen. Code,[1] § 191.5, subd. (a)) and inflicted great bodily injury (upon Laura Smalz) (§ 12022.7, subd. (a)). On May 5, 2014, the trial court denied defendant probation and sentenced him to a prison term of four years for gross vehicular manslaughter while intoxicated, a consecutive term of three years for the great bodily injury enhancement, for a total term of seven years. Defendant obtained a certificate of probable cause.

On appeal, defendant contends the trial court erred in applying the great bodily injury enhancement because it is inapplicable to gross vehicular homicide, and the court erred in not striking the enhancement during sentencing. Defendant further argues the trial court erred in failing to consider probation as an option because defendant was not ineligible for probation as a matter of law under section 1203 and the trial court clearly misunderstood its sentencing discretion. Additionally, defendant contends the trial court erred during sentencing in considering the level of his intoxication.

The People concede defendant could not legally have committed great bodily injury and argue defendant's issue concerning the trial court failing to exercise its discretion to strike the enhancement is moot. The People argue, inaccurately, that defendant forfeited his argument that the trial court misunderstood its sentencing discretion under section 1203, and further state the trial court did not abuse its sentencing discretion. We find error on both of these issues, reverse the true finding for the great bodily injury enhancement, and remand the case for a new sentencing hearing.

**FACTS**

On May 19, 2012, defendant made a left-hand turn into a parking lot near Road 600 and Avenue 31 in Madera County. He did so in front of a motorcycle ridden by Gary and Laura Smalz. Defendant's passenger, Laurana Renee Abshire, shouted to defendant, "[T]here's a bike!" Defendant hit the motorcycle. Gary and Laura Smalz died from the injuries they sustained in the collision. After the accident, the California Highway Patrol

---

[1]Unless otherwise designated, statutory references are to the Penal Code.

2.

officer investigating the accident noticed defendant's breath smelled like alcohol. Defendant admitted drinking four or five beers. Defendant failed the field sobriety test and had a blood-alcohol level of 0.20 percent.

## DISCUSSION

**1.    Section 12022.7 Enhancement**

Defendant contends he could not be convicted of only a great bodily injury enhancement for Laura Smalz because such enhancements do not apply to convictions for murder or manslaughter as held by the California Supreme Court in *People v. Cook* (2015) 60 Cal.4th 922, 924 (*Cook*). The People concede error.

The defendant in *Cook* committed gross vehicular manslaughter, killing three victims and seriously injuring a fourth. The trial court imposed sentences for the manslaughter convictions for each of the three victims who died, as well as a great bodily injury enhancement for a victim who survived. No other charges or enhancements were charged concerning the surviving victim. (*Cook*, *supra*, 60 Cal.4th at pp. 924-925.) The court found the defendant's convictions for manslaughter were not subject to a great bodily injury enhancement, reasoning the plain language of subdivision (g) of section 12022.7 states the section does not apply to murder or manslaughter. (*Cook*, *supra*, at pp. 924, 935.)

Although the People could have charged defendant with gross vehicular manslaughter for the death of Laura Smalz, they did not do so. Had the People filed such a charge, defendant would not be subject to a great bodily injury enhancement for the manslaughter of Laura Smalz. By not filing an allegation of gross vehicular manslaughter for the death of Laura Smalz, however, the People are not entitled under the reasoning of *Cook* to charge defendant and have him sentenced only on a great bodily injury enhancement that is otherwise not attached to a substantive offense because enhancements are different from substantive crimes. Enhancements focus on aspects of

3.

the criminal act that are not always present but warrant additional punishment. (*People v. Ahmed* (2011) 53 Cal.4th 156, 163.)

We agree with the People's concluding point that although the section 12022.7 enhancement is inapplicable to this case, on remand the trial court may reconsider defendant's sentence, subject to the limitation defendant's sentence cannot exceed the trial court's original sentence. (*People v. Savala* (1983) 147 Cal.App.3d 63, 69, disapproved on other grounds in *People v. Foley* (1985) 170 Cal.App.3d 1039, 1044.) The true findings and sentence for great bodily injury based on section 12022.7, subdivision (a) are reversed.

**2.      Section 1203 Error**

On appeal, defendant contends the trial court abused its discretion by refusing to grant probation. He argues his case presented the statutorily required unusual circumstances and further claims the court failed to consider, or give proper weight to, various relevant criteria and factors. The People reply defendant forfeited the issue by failing to raise it to the trial court, and the trial court did not abuse its sentencing discretion. Both parties now agree the statute does *not* apply. The People argue resentencing is not required because the trial court has already rejected defendant's request for probation on other grounds. In fairness to both parties, and to ensure the trial court properly exercises its sentencing discretion, we reverse the trial court's sentence and remand for a new sentencing hearing.

**A.      Sentencing Hearing**

The probation officer's report prepared for the sentencing hearing noted twice, and inaccurately, that defendant was presumptively ineligible for probation under section 1203, subdivision (e) because he willfully inflicted great bodily injury. At the sentencing hearing on May 5, 2014, defense counsel failed to argue this error. Instead, counsel argued this case presented unusual circumstances and sought to have the trial court strike the great bodily injury enhancement. The trial court rejected defense counsel's argument

4.

section 12022.7 was inapplicable to vehicular manslaughter while intoxicated and refused to strike the enhancement.

Defendant called several witnesses who testified concerning his sobriety, his involvement with Alcoholics Anonymous, his good job history, and his remorse for killing the victims. Defendant also submitted dozens of letters from friends, family members, teachers, and employers attesting to his good character. On an assessment scale of risk to reoffend, the probation officer evaluated defendant's risk to reoffend at 2 out of 34, a very low risk to reoffend. Defendant had no history of illegal drug use. The court stated defendant was presumptively ineligible for probation, this was not a case where the evidence overcame that presumption, and defendant was "ineligible for probation pursuant to … [s]ection 1203, subdivision (e) … (3)."

The court noted defendant expressed remorse, and the court believed he would do so for the rest of his life. The court found defendant's blood-alcohol content had been 0.19 percent or greater. The court found no facts indicating the two victims in any way contributed to the accident, and the defendant had no past criminal record. The defendant also made some restitution to the victim. The court stated it did "not believe that probation is appropriate in this circumstance. Even if there were no limitation with regard to the Court's ability to grant that, I do not believe in this particular circumstance that probation is appropriate." The court sentenced defendant to a prison term of four years for violating section 191.5, subdivision (a), and to a consecutive term of three years for the section 12022.7, subdivision (a) enhancement.

Defendant filed a petition to recall the sentence, arguing section 1203, subdivision (e)(3) did not create a statutory presumption against imposition of probation because his conduct was not willful as a matter of law. On August 26, 2014, after a brief hearing, the trial court summarily denied defendant's motion to recall his sentence.

## B. Analysis

We initially reject the People's argument defendant has forfeited this issue. Although defendant did not raise this point at the original sentencing hearing, he did file a timely motion to recall his sentence and argued the point to the trial court. The trial court ruled on defendant's petition and we have a record to review on appeal.

Section 1203, subdivision (e) provides:

> "Except in unusual cases where the interests of justice would best be served if the person is granted probation, probation shall not be granted to any of the following persons: [¶] … [¶] (3) Any person who *willfully* inflicted great bodily injury or torture in the perpetration of the crime of which he or she has been convicted." (Italics added.)

A defendant falling within the statute's provisions is presumptively ineligible for probation. (*People v. Stuart* (2007) 156 Cal.App.4th 165, 177; see *People v. Tang* (1997) 54 Cal.App.4th 669, 678-679.)

Under subdivision 1 of section 7, "[t]he word 'willfully,' when applied to the intent with which an act is done or omitted, implies simply a purpose or willingness to commit the act, or make the omission referred to. It does not require any intent to violate law, or to injure another, or to acquire any advantage." Thus, "[c]ourts have concluded the word 'willfully' implies no evil intent but means the person knows what he or she is doing, intends to do it and is a free agent. Usually the word 'willfully' defines a general intent crime unless the statutory language requires an intent to do some further act or achieve some future consequence. [Citation.]" (*People v. Lewis* (2004) 120 Cal.App.4th 837, 852 (*Lewis*).) As the California Supreme Court has recognized, however, the meaning of the term varies, depending on the statutory context. (*People v. Garcia* (2001) 25 Cal.4th 744, 753.)

In *Lewis*, the defendant was convicted of assaulting a child with force likely to produce great bodily injury, resulting in death. (§ 273ab.) On appeal, he argued the trial court erred by finding him presumptively ineligible for probation under section 1203, subdivision (e)(3), as that statute's restriction on the granting of probation applied only to

those who intended to inflict great bodily injury and not to those whose criminal acts merely resulted in great bodily injury. (*Lewis*, *supra*, 120 Cal.App.4th at pp. 842, 850-851.) The Court of Appeal agreed, reasoning:

> "The word 'willfully' as generally used in the law is a synonym for 'intentionally,' i.e., the defendant intended to do the act proscribed by the penal statute. Section 1203, subdivision (e)(3), so read requires the defendant *intentionally* inflicted great bodily injury or torture in the commission of the crime. The section describes no initial act, e.g., willfully strikes, or willfully burns, resulting in some required particular result, e.g., great bodily injury, the burning of some particular type of property. When the structure of a section requires a willful act followed by some particular result, then it is reasonable to read the willful, i.e., intentional, element as referring only to the initial act and not to the ultimate result. In such sections the word 'willfully' does not require the defendant intend the ultimate result, only that he or she intended the initial act. [Citation.]

> "The word 'willfully' in section 1203, subdivision (e)(3), does not follow this act/result form. It refers merely to a result, i.e., the infliction of great bodily injury. Given this structure of the section, we conclude the only reasonable reading of it is the word 'willful' requires the defendant's intent to cause great bodily injury or torture, not merely that the crime resulted in great bodily injury or torture. [Citation.]

> "This interpretation of section 1203, subdivision (e)(3), is supported by a comparison of its language with that of the enhancement for the infliction of great bodily injury contained in section 12022.7, subdivision (a). Section 12022.7 requires a person 'personally inflict great bodily injury' on another in the commission or attempted commission of a felony. Unlike section 1203, subdivision (e)(3), it does not require that the infliction be willful. The section has been interpreted to require only a general criminal intent, i.e., the defendant need not intend great bodily injury result, the only intent required is that for the underlying felony. [Citations.]

> "The inclusion of the word 'willfully' in section 1203, subdivision (e)(3), suggests that the Legislature meant the section to be applicable not merely when great bodily injury is the result of a crime but, rather, when the defendant intended to cause great bodily injury." (*Lewis*, *supra*, 120 Cal.App.4th at pp. 852-853, fns. omitted.)

The reasoning in *Lewis* is applicable to this case and, accordingly, defendant was *not* presumptively ineligible for probation. Although by pleading no contest and

7.

admitting the enhancement allegations defendant admitted his act of driving drunk proximately caused great bodily injury to the victims, there was no suggestion in the evidence or finding by the court that he intentionally caused the accident with the other vehicle or intentionally inflicted such injury on his victims.

Defendant presented many arguments in favor of probation. Although the trial court indicated it would have still sentenced defendant to prison, a new sentencing hearing is required to permit the court to address defendant's application for probation "under a proper understanding of the rules governing its sentencing discretion" (*People v. Garrett* (1991) 231 Cal.App.3d 1524, 1529) and taking into account the pertinent facts and circumstances in light of defendant's "true legal status" (*People v. Ruiz* (1975) 14 Cal.3d 163, 168, fn. 5; *People v. Manriquez* (1991) 235 Cal.App.3d 1614, 1620).

Because the People also seek a new sentencing hearing, we find no harm in allowing defendant to reargue to the trial court why it should consider probation because defendant is not presumptively ineligible for probation as originally accepted by the probation officer, the prosecutor, and the trial court.

### 3. Consideration of Defendant's Blood-alcohol Level

Defendant finally argues the trial court erred in considering his blood-alcohol level, a 0.20 percent, pursuant to Vehicle Code section 23578[2] because he did not plead guilty to a violation of Vehicle Code sections 23152 or 23153, the sections referenced in Vehicle Code section 23578. Vehicle Code section 23578 acts as a sentencing guideline and does not reference Penal Code section 191.5. Section 191.5, subdivision (a), however, expressly references and incorporates by reference Vehicle Code sections 23152 and 23153. It states, in relevant part, "[g]ross vehicular manslaughter while

---

[2]Vehicle Code section 23578 states in relevant part: "In addition to any other provision of this code, if a person is convicted of a violation of Section 23152 or 23153, the court shall consider a concentration of alcohol in the person's blood of 0.15 percent or more, by weight, … as a special factor that may justify enhancing the penalties in sentencing, in determining whether to grant probation, and, if probation is granted, in determining additional or enhanced terms and conditions of probation."

intoxicated is the unlawful killing of a human being without malice aforethought, in the driving of a vehicle, where the driving was in violation of Section 23140, 23152, or 23153 ….”  In entering his plea of no contest to a violation of section 191.5, subdivision (a), defendant was further admitting he was intoxicated within the meaning of Vehicle Code section 23152.  We reject defendant’s argument Vehicle Code section 23578 is inapplicable to his no contest plea.

Defendant further argues his elevated blood-alcohol level was a fact not proven beyond a reasonable doubt.  We also reject this contention.  Defendant failed to object to the probation officer’s reference to his blood-alcohol level in the probation report.  We agree with the People’s assertion defendant forfeited this point by failing to raise it below.  (See *People v. Smith* (2001) 24 Cal.4th 849, 853; see also *People v. Scott* (1994) 9 Cal.4th 331, 353.)

Defendant ignores the fact he and the prosecutor stipulated to a factual basis to the plea based on the law enforcement reports prior to pleading no contest to the allegations in the information.  The probation officer’s report appears to be based on the report of the investigating California Highway Patrol officer, who noted defendant’s blood-alcohol level was 0.20 percent.  Defendant failed to object to this piece of evidence either during the change of plea hearing or during the sentencing hearing, and he did not raise the issue of discrepancies between the highway patrol officer’s report and the probation officer’s report.  The probation officer’s report noted defendant’s blood-alcohol level was 0.15 percent or more as a special factor in aggravation and specifically cited Vehicle Code section 23578.  The report further noted defendant’s blood-alcohol level was 0.20.  No objections were raised to these representations.  There is no merit to defendant’s contentions on this issue.

We agree with the People the trial court’s refusal to strike the great bodily injury enhancement is moot in light of our analysis this enhancement is inapplicable to

9.

defendant.  In light of this case being remanded for resentencing, we also find defendant's allegation of cumulative error to be moot.

## DISPOSITION

Defendant's conviction for gross vehicular manslaughter while intoxicated is affirmed.  The sentence is vacated and the matter is remanded for resentencing.  Except for the limitation that the court not impose a longer prison term than the original sentence of seven years, we express no view on how the court should exercise its discretion on the question of probation or the appropriate prison term if probation is denied.


_____
PEÑA, J.

WE CONCUR:


_____
DETJEN, Acting P.J.


_____
SMITH, J.