Filed 1/6/16  P. v. Smith CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>BRANDON LEE SMITH,<br><br>    Defendant and Appellant. | E061598<br><br>(Super.Ct.No. RIF1302006)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Richard Todd Fields, Judge.  Affirmed in part, reversed in part, and remanded for resentencing.

Christopher Nalls, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Jennifer B. Truong, Deputy Attorneys General, for Plaintiff and Respondent.

A jury found defendant and appellant Brandon Lee Smith guilty of (1) robbery (Pen. Code, § 211);[1] (2) petty theft with a prior (Pen. Code, §§ 484, subd. (a), former 666, subd. (b)(1) [eff. Oct. 2011]); (3) possession of a controlled substance (Health & Saf. Code, § 11350); and (4) falsely identifying himself to a police officer (Pen. Code, § 148.9, subd. (a)).

Defendant admitted suffering multiple prior convictions which constituted:  (1) a prison prior (§ 667.5, subd. (b)); (2) three prior serious felonies (§ 667, subd. (a)); and (3) four prior strikes (§§ 667, subds. (c) & (e)(2)(A), 1170.12, subd. (c)(2)(A)).  The trial court struck three of defendant's prior strikes.  The trial court sentenced defendant to prison for a term of 23 years eight months.

Defendant raises two arguments on appeal.  First, defendant contends the trial court erred by imposing more than one five-year prison term for defendant's prior serious felony convictions.  (Pen. Code, § 667, subd. (a).)  The People agree the trial court erred and urge this court to remand the matter for resentencing.  Second, pursuant to Proposition 47, defendant requests this court order his theft (Pen. Code, § 484, subd. (a)), and drug possession (Health & Saf. Code, § 11350) convictions be reduced to misdemeanors, despite defendant not filing a petition in the trial court.  We reverse defendant's sentence, and direct the trial court to resentence defendant.

---

[1] All subsequent statutory references will be to the Penal Code unless indicated.

# FACTUAL AND PROCEDURAL HISTORY

A.      CURRENT OFFENSES

The victim had a green and brown BMX bicycle worth $250. The victim was riding his bicycle in Riverside, when he encountered defendant at a bus stop near the Galleria at Tyler. Defendant asked to look at the victim's bicycle. The victim hesitated, but defendant said he would not steal the bicycle. The victim stepped off the bicycle, let defendant look at it for a few minutes, and then asked for his bicycle back. Defendant sat down on the bicycle and responded, "No, this is my bike now." Defendant had previously been speaking to a man wearing brass knuckles; defendant whistled at the man to come over. The man flashed the brass knuckles. The victim felt threatened; he went to a fast food restaurant and called the police. The police arrived approximately 20 minutes later, but did not locate defendant.

Two days later, on March 20, 2013, the victim's former school teacher who is also a family friend, gave the victim an orange mountain bike. The victim rode the orange bicycle to the Galleria at Tyler to ask defendant to return his green and brown BMX bicycle. The victim decided to rest near the bus stop because it was a hot day; the victim remained seated on the bicycle. Defendant approached the victim and asked, "Really? You're going to come back here?" Defendant sat down on the orange bicycle's front tire and said, "Give me this bike too." The victim refused. Defendant responded, "Give me the bike, or I'll punch you in the face . . . [¶] . . . [¶] . . . [a]nd take your bike like I did the last one." The victim got off the bicycle and walked to a store to call the police.

3

Defendant sat on the bicycle's seat. The victim watched defendant while the victim spoke to the 911 dispatcher. The police arrived within five minutes, while defendant was still at the bus stop. The victim returned to the bus stop. The victim explained it was his bicycle, and gave the officer the telephone number of the family friend who gifted the orange bicycle to the victim. When the police officer searched defendant, he found 12 Vicodin pills wrapped in a plastic bindle. When the police interviewed defendant at the police station, defendant identified himself as Harold Smith, which is not defendant's name.

B. <u>PROCEDURE FOR SENTENCING AND ALLEGED PRIOR SERIOUS FELONIES</u>

In the information, the people alleged defendant suffered four prior convictions: (1) first degree burglary (§ 459) on January 12, 2004; (2) two counts of assault with a knife (§ 245, subd. (a)(1)) on January 12, 2004; and (3) attempted robbery on January 12, 2004 (§§ 211, 664).

Defendant's probation report reflects that on December 15, 2003, and January 12, 2004, respectively, defendant was convicted of and sentenced for, (1) attempted robbery (§§ 211, 664); (2) assault with a deadly weapon (§ 245, subd. (a)(1)) (3) two counts of second degree burglary (§ 459); and (4) two counts of first degree burglary (§ 459). The probation report reflected the information incorrectly alleged defendant had suffered a second prior assault conviction.

Defendant admitted suffering four prior convictions—the four alleged in the information. The trial court found defendant did not suffer the second assault conviction and struck the allegation of that prior serious assault offense in the interest of justice (§ 1385), thus leaving three prior serious felony allegations (§ 667, subd. (a)). In the current case, for the prior assault, the trial court imposed a five-year sentence. (§ 667, subd. (a)(1).) For the prior first degree burglary, the trial court imposed a consecutive five-year sentence. (§ 667, subd. (a)(1).) For the prior attempted robbery conviction, the trial court imposed a consecutive five-year prison term. (§ 667, subd. (a)(1).) Thus, the trial court imposed three prison terms for the three prior serious felony convictions.

For the current robbery conviction (§ 211), the trial court initially said it would impose the upper five-year term, but then when discussing doubling the term due to the prior strike, the court decided to impose the three-year midterm, doubled to six years. For the theft (§ 484), the trial court imposed the midterm of eight months, doubled to one year four months because of the strike, creating a sentence of seven years four months. For the drug possession, the trial court imposed one-third the midterm (eight months), doubled to one year four months, for a sentence of eight years eight months. For the false identification, the trial court sentenced defendant to 90 days, with 90 days credit for time served.

When the 15 years for the prior serious felonies were added, defendant's sentence totaled 23 years eight months. The trial court struck the sentence for the prison prior (§ 667.5, subd. (b)). The trial court explained that it was striking the one-year term for the prison prior "because [it] considered [defendant's] sentence with respect to the other counts, and [it] think[s] 23 years eight months is more than sufficient in light of all the factors set forth. And the Court can consider a sentence with respect to other counts in determining whether or not to strike a particular prior. Secondly, the court already considered the burglary and enhancing the defendant's sentence by five years."

## DISCUSSION

### A.    PRIOR SERIOUS FELONIES

Defendant contends the trial court erred by imposing more than one five-year prison term for the three prior serious felony convictions because all three convictions occurred in a single case. The People concede defendant is correct, but request the matter be remanded to the trial court for resentencing.

Section 667, subdivision (a)(1), provides, "[A]ny person convicted of a serious felony who previously has been convicted of a serious felony in this state . . . shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges *brought and tried separately*." (Italics added.)

Defendant's two prior first degree burglary convictions were originally part of a juvenile court case, case No. J94857; however, defendant was declared unfit for juvenile court, and the case was transferred to criminal court where it was consolidated

with case No. RIF110452—the same case as the prior robbery and assault convictions. As a result, all three of the prior convictions alleged by the prosecution occurred within the same criminal case, case No. RIF110452. Because the convictions were all part of the same criminal case, they were not "brought and tried separately." Therefore, only one five-year prison term may be imposed for the convictions resulting from that single case. (See *People v. Thomas* (1990) 219 Cal.App.3d 134, 145-147 [cases are brought and tried separately when they are brought separately and not consolidated].) Thus, we conclude the trial court erred by imposing more than one five-year prison term for the prior serious felonies (§ 667, subd. (a)(1)).

The People contend the matter should be remanded to the trial court, because the trial court appeared to exercise its discretion in striking (1) the sentence for the one-year prison prior (§ 667.5, subd. (b)), and (2) the prior strikes, because it felt a sentence of 23 years eight months was sufficient.

"It is settled that a felony defendant's original aggregate prison term cannot be increased on remand for resentencing following a partially successful appeal." (*People v. Burbine* (2003) 106 Cal.App.4th 1250, 1253.) If the trial court were permitted to reconsider its decision striking defendant's prior strikes, and the trial court decided to make defendant's sentence a third-strike sentence, defendant's sentence would be increased to a minimum of 25 years to life. (§ 667, subd. (e)(2)(A).) Defendant's minimum term cannot be increased to 25 years; therefore, if the trial court has the

authority to reconsider its ruling on the *Romero*[2] motion, it would be a waste of judicial resources for it to do so. Accordingly, we will not direct the trial court to reconsider its ruling on the *Romero* motion.

The trial court can, however, reconsider its other discretionary sentencing decisions, such as striking the sentence for the one-year prison prior (§ 667.5, subd. (b)); and imposing the midterm, rather than the upper term, for the current robbery conviction. (*People v. Calderon* (1993) 20 Cal.App.4th 82, 89; *In re Ditsch* (1984) 162 Cal.App.3d 578, 581-582 [Fourth Dist., Div. Two].) Accordingly, we will reverse defendant's entire sentence, so the trial court may reconsider its discretionary choices at the resentencing hearing.

### B. PROPOSITION 47

Defendant contends, pursuant to Proposition 47, that this court should order his current convictions for (1) petty theft with a prior (Pen. Code, §§ 484, subd. (a), former 666, subd. (b)(1) [eff. Oct. 2011]); and (2) possession of a controlled substance (Health & Saf. Code, § 11350), reduced to misdemeanors despite defendant not having filed a petition in the trial court. Proposition 47 does not authorize an appellate court, in the first instance, to direct that a defendant's felony convictions be designated as misdemeanors. (*People v. Shabazz* (2015) 237 Cal.App.4th 303, 314.) Defendant's request would be better directed to the trial court. (*Ibid.*)

---

[2] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

8

## DISPOSITION

Defendant's sentence is reversed. The trial court is directed to resentence defendant. At the resentencing hearing, the trial court shall impose only one five-year prison term for defendant's three prior serious felony convictions (§ 667, subd. (a)(1)). The trial court may reconsider its discretionary sentencing choices; however, it shall not reconsider its ruling on defendant's *Romero* motion. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
                        J.

We concur:

HOLLENHORST
        Acting P. J.

KING
        J.